In the Matter of the Application of CLIFFORD H. KEEP, Appellant, for an Order of Mandamus against THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, and FIORELLO H. LAGUARDIA and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Respondents.— Order denying petitioner's motion for a peremptory mandamus order commanding the payment of a specified sum claimed to be due him as part of his compensation as probation officer in the County Court for the years 1933 to 1936 and the first half of 1937 unanimously affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Probate of the Last Will and Testament of ELIZABETH MOONAN, Deceased. POWELL CRICHTON, Appellant; JOSEPH H. TRUEMAN, as Executor Named in the Last Will and Testament of ELIZABETH MOONAN, Deceased, Respondent.— Order of the Surrogate's Court of Queens county denying motion to vacate service of a subpœna and directing appellant to appear to give testimony in a probate proceeding as a subscribing witness affirmed, with fifty dollars costs and disbursements, payable by appellant personally, and appellant is directed to appear within five days after service of a copy of the order hereon. No opinion. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

In the Matter of the Application of ANDRE C. MUELENAER, Petitioner, against CHARLES A. HARNETT, Commissioner of Motor Vehicles, and JOHN J. WELSH, Referee, in the Bureau of Motor Vehicles, Department of Taxation and Finance, State of New York, Respondents.— Certiorari to review order No. 422666 of the Commissioner of Motor Vehicles, which order suspended for fifteen days the license of petitioner after a hearing before a referee of the Bureau of Motor Vehicles and a decision finding the petitioner guilty of violating section 58 of the Vehicle and Traffic Law. Determination annulled and certiorari proceeding sustained, with fifty dollars costs and disbursements. An examination of the return discloses that the referee must have accepted the evidence of the driver of the truck and his companion. Their evidence is incredible as a matter of law. Their testimony that at least twenty east-bound cars on Merrick road, two abreast, stopped at the west line of One Hundred and Thirtieth street and Merrick road because the light at Merrick road and Farmers boulevard turned red for traffic on Merrick road is ridiculous and unbelievable. Farmers boulevard intersects Merrick road one hundred feet west of One Hundred and Thirtieth street. Consequently, east-bound cars would have passed the light before they came to the One Hundred and Thirtieth street intersection. It is conceded that there are no signs, lines on the pavement, or other signals that require east-bound cars on Merrick road to stop at One Hundred and Thirtieth street. If we accept the testimony of these two witnesses, we must find that these cars stopped because a light *behind them turned red*. The disinterested testimony of the officer called corroborates the testimony of the petitioner and his witnesses and there is not any believable credible evidence in the record to sustain the determination. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.